IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 7 |
| RONALD C. HAMMOND, JR. and | * | |
| BONNIE M. STILL-HAMMOND, | * | |
| Debtors | * | |
| | * | |
| AMY L. MOIR, | * | CASE NO. 1-07-bk-03295MDF |
| Plaintiff | * | |
| | * | |
| vs. | * | ADV. NO. 1-07-ap-00158 |
| | * | |
| RONALD C. HAMMOND, JR., | * | |
| Defendant | * | |

**OPINION**

In the above-captioned adversary case, Amy L. Moir ("Moir") seeks a declaration of nondischargeability pursuant to 11 U.S.C. § 523(a)(2)(A). The debt to her arises from a construction contract under which Ronald C. Hammond, Jr. ("Hammond") was to make certain improvements to a residential structure that Moir owned. Moir alleges that she paid $29,892.00 toward the construction costs, but that Hammond performed only a minimal amount of the contracted work. Moir ultimately sued Hammond in state court to recover the $29,892.00 she paid, plus treble damages under a Pennsylvania statute prohibiting unfair or deceptive trade practices. Hammond did not answer the complaint, and Moir obtained a default judgment on June 5, 2007 in the amount of $89,676.00.

On October 17, 2007, Hammond and his wife, Bonnie M. Still-Hammond ("Debtors") filed a chapter 7 bankruptcy petition at the above-captioned case number. In their schedules, Debtors listed Moir's $89,700.00 claim as unsecured and disputed. Moir timely filed the instant adversary seeking to bar the discharge of her claim pursuant to 11 U.S.C. § 523(a)(2)(A). On

1

February 14, 2008, she moved for summary judgment, arguing that the default judgment she obtained in the state court action collaterally estopped Hammond from disputing that the debt was incurred through fraud. The motion for summary judgment has been briefed and is ready for decision.[1]

## Discussion

Rule 56 of the Federal Rules of Civil Procedure, made applicable to a bankruptcy case by virtue of Federal Rule of Bankruptcy Procedure 7056, provides that an order granting summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In the instant matter, Moir invokes the doctrine of collateral estoppel to argue that the pleadings in the state court case and the resulting default judgment show that there is no genuine issue as to any material fact. Hammond does not dispute the authenticity of the state court pleadings or the legitimacy of the default judgment. Hammond argues, however, that the state default judgment alone is not sufficient to prove that the debt should be excepted from discharge.

In pertinent part, Section 523(a)(2)(A) excepts from discharge debts "for money, property, [or] services . . . to the extent obtained by false pretenses, a false representation or actual fraud." 11 U.S.C. § 523(a)(2)(A). Courts examining debts for nondischargeability under § 523(a)(2)(A) have required proof of the following facts: "(1) the debtor made the

---

[1] I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is core pursuant to 28 U.S.C. § 157(b)(2)(A), (I) and (O). This Opinion constitutes findings of fact and conclusions of law made pursuant to Federal Rule of Bankruptcy Procedure 7052.

representations knowing they were false; (2) the debtor made the representations with the intent and purpose of deceiving the plaintiff; (3) the creditor justifiably relied on the debtor's false representations; and (4) the creditor suffered a loss or damage as a proximate consequence of the representation having been made." *In re Antonious*, 358 B.R. 172, 182 (Bankr. E.D. Pa. 2006) (citing *Field v. Mans*, 516 U.S. 59, 61, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995); *In re Ophaug*, 827 F.2d 340, 342 n. 1 (8th Cir. 1987); *In re Maurer*, 112 B.R. 710, 712-13 (Bankr. E.D. Pa. 1990)).

By invoking collateral estoppel, Moir asserts that all four of these elements were litigated when she obtained a default judgment on her state court claim for breach of contract and fraud in the inducement. "[C]ollateral estoppel [] prevents parties from relitigating an issue that has already been actually litigated." *Peloro v. U.S.*, 488 F.3d 163, 174 -75 (3d Cir. 2007). The prerequisites for the application of collateral estoppel are satisfied when: "(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment." *In re Graham*, 973 F.2d 1089, 1097 (3d Cir.1992). Moir's understanding of the meaning of the phrase "actually litigated," however, is not supported by bankruptcy decisions addressing this issue.

> While claim preclusion, i.e., res judicata, which does not require actual litigation, generally applies to valid default judgments, collateral estoppel often does not. *See Crispino v. Chemical Bank New Jersey (In re Crispino)*, 160 B.R. 749, 755 (Bankr. D. N.J. 1993). Because of the requirement that an issue have been actually litigated in the prior proceeding, it has been held that "collateral estoppel rarely applies to default judgments awarded in a nonbankruptcy forum so as to make those default judgments nondischargeable." *Goff v. Internal Revenue Serv. (In re Goff),* 180 B.R. 193, 199 (Bankr. W.D. Tenn. 1995); *see Kulesa v. Stankovich (In re Stankovich)*, 171 B.R. 27, 30 (Bankr. E.D. Va. 1994); *Brose v. Hubbard (In re*

3

> *Hubbard)*, 167 B.R. 969, 973 (Bankr. D. N.M. 1994) (following "the majority and better view that the actually litigated requirement should be construed narrowly" so as not to include default judgments). Ultimately, however, that issue turns upon the preclusive effect of default judgments under state law.

*In re Roberti*, 183 B.R. 991, 1000 (Bankr. D. Conn. 1995).

> The Pennsylvania Supreme Court has adopted the preclusion principles of the Second Restatement of Judgments. *See Schubach v. Silver,* 461 Pa. 366, 336 A.2d 328, 333 (1975) (other citation omitted). The Restatement provides "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive on a subsequent action between the same parties, whether on the same or a different claim." Restatement (Second) of Judgments § 27 (1980). Comment e to that section states "[i]n the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated. Therefore, the rule of this Section does not apply with respect to any issue in a subsequent action." *Id.* comment e.

*In re Graves*, 33 F.3d 242, 248 (3d Cir. 1994).

Under Pennsylvania law, Moir's default judgment would not have a preclusive effect if a subsequent action against Hammond had been brought in state court. Likewise, collateral estoppel principles do not apply in the instant adversary complaint.[2]

---

[2]This conclusion is not inconsistent with the decision of the Third Circuit in *In re Docteroff*, 133 F.2d 210 (3d Cir. 1997). In *Docteroff* the Court held that a creditor's state court judgment by default against a chapter 11 individual debtor was sufficient to enable the creditor to invoke collateral estoppel in an action under § 523(a)(2)(A). The default judgment was entered against Docteroff not because of his failure to answer the state court complaint, but as a punitive sanction for his bad faith conduct during discovery. *See In re Parker*, 250 B.R. 512, 518, fn. 7 (M.D. Pa. 2000) (comparing the Third Circuit's narrow holding in *Docteroff* with *Matter of McMillan*, 579 F.2d 289, 293(3d Cir. 1978) in which the Court held that a default judgment in state court did not bar litigation of dischargeability in bankruptcy court.)

4

Therefore, Moir's motion for summary judgment will be denied and an appropriate order will follow.

By the Court,

*Mary D. France*
Bankruptcy Judge

Date: June 19, 2008

*This document is electronically signed and filed on the same date.*